UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIBBETTS LUMBER CO., LLC,**

    **Plaintiff,**

v.                                          Case No. 8:19-cv-1275-T-35AAS

**AMERISURE MUTUAL INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

Tibbetts Lumber Co., LLC (Tibbetts) moves to compel certain discovery responses. (Doc. 47). Amerisure Mutual Insurance Company (Amerisure) opposes Tibbett's motion. (Doc. 49). Amerisure moves for a protective order and to stay discovery. (Doc. 50). Tibbetts opposes Amerisure's motion. (Doc. 51).

The court held a hearing on the parties' motions. (Doc. 57). As stated at the hearing,

(1) Amerisure's motion for protective order and to stay discovery (Doc. 50) is **DENIED**. Amerisure argues that discovery of an insurer's claims files and policies is not permitted. Tibbetts alleges Amerisure did not properly investigate Tibbetts' workers' compensation claims under the parties' contract. Tibbetts seeks information related to how Amerisure handled Tibbetts' employees' workers' compensation claims to determine how it investigates these claims. Amerisure's claims files and policies for investigating workers' compensation claims are within the scope of discovery.

1

Amerisure has not demonstrated that a protective order is appropriate. Likewise, Amerisure's failed to establish that its pending motion for summary judgment warrants staying discovery.

(2) Tibbetts' motion to compel (Doc. 47) is **GRANTED in part and DENIED in part**.

(a) As agreed by the parties, the "Relevant Period" is from January 2011 through December 2018.

(b) The motion to compel an answer to interrogatory no. 2 is granted to the extent that Amerisure must list the names and claims for the four Tibbetts' employees Tibbetts previously identified to Amerisure as exemplars. Amerisure must also list the names only for the remaining one hundred forty-seven workers' compensation claimants employed by Tibbetts.

(c) The motion to compel an answer to interrogatory no. 3 is granted to the extent that Amerisure must provide a list of the names of workers' compensation claimants employed by Tibbetts for whom Amerisure denied claims.

(d) The motion to compel answers to interrogatory nos. 4 and 5 is denied.

(e) The motion to compel an answer to interrogatory no. 6 is granted to the extent it seeks identification of the Amerisure employees assigned to investigate the workers' compensation claims of the four Tibbetts' employees Tibbetts identified to Amerisure as exemplars.

(f)     The motion to compel an answer to interrogatory no. 7 is granted to the extent Amerisure must list every workers' compensation claim associated with a Tibbetts' employee in which medical records that predate the workers' compensation claimant's alleged date of injury were requested by Amerisure.

(g)     The motion to compel an answer to interrogatory no. 11 is denied.

(h)     The motion to compel an answer to interrogatory nos. 13 and 14 is denied.

(i)     The motion to compel an answer to interrogatory no. 15 is granted to the extent that Amerisure must provide a list of any "Special Investigations Unit" employees involved in Amerisure's handling of the one hundred fifty-one workers' compensation claimants employed by Tibbetts. The list also must identify the claimant and the nature of the claim.

(j)     The motion to compel an answer to interrogatory no. 18 is denied.

(k)     The motion to compel an answer to interrogatory no. 19 is granted as limited to Amerisure identifying every instance in which Amerisure reported a situation regarding a Tibbetts employee's workers' compensation fraud to a Florida government authority.

(l)     The motion to compel an answer interrogatory no. 20 is denied.

(m)     The motion to compel the production of documents responsive to requests for production nos. 1, 2, 4, and 5 are denied without prejudice to Tibbetts making more specific and narrower requests.

(n) The motion to compel the production of documents responsive to request for production no. 6 is granted.

(o) The motion to compel the production of documents responsive to requests for production nos. 8, 9, 13, and 14 is granted as to any written policies and procedures.

(p) Amerisure must revise its privilege log to include the purpose and the subject of the allegedly privileged documents.

(3) Tibbett's request for attorney's fees and costs is denied. *See* Fed. R. Civ. P. 37(a)(5)(C).

**ORDERED** in Tampa, Florida on September 15, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge