UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIBBETS LUMBER CO., LLC,

    Plaintiff,

v.                                                            Case No: 8:19-cv-1275-KKM-AAS

AMERISURE INSURANCE
COMPANY,

    Defendant.
_____

**ORDER**

Before the Court is Defendant's Motion for Summary Judgment (Doc. 56), Plaintiff's Motion for Leave to File a Surreply (Doc. 65) and Motion for Leave to File Supplemental Evidence (Doc. 77), as well as Plaintiff's Motion to Amend the Case Management Report (Doc. 81). Upon review, Defendant's Motion for Summary Judgment and the Plaintiff's Motion to Amend the Case Management Report are denied without prejudice as premature.

Federal Rule of Civil Procedure 56 does not expressly limit how early a party may file a motion for summary judgment. *See* 11 Moore's Federal Practice – Civil § 56.60. A problem may arise, though, when a party files a motion for summary judgment so early in discovery that the plaintiff has not had the opportunity to collect or present evidence supporting the claim. *See Jones v. City of Columbus*, 120 F.3d 248, 252–53 (11th Cir. 1997)

1

("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."). Here, Defendant's motion for summary judgment was filed on September 9, 2020, while Plaintiff's first motion to compel discovery (Doc. 47) and Defendant's motion for a protective order and a stay of discovery (Doc. 50) were still pending. At the time, the governing Case Management and Scheduling Order set the discovery deadline as March 5, 2021. (Doc. 45). Defendant's motion for summary judgment was thus filed when both parties had another six months to seek discovery and while the Plaintiff's requests for discovery remained disputed. Since that time, the parties have secured an extension of deadlines with discovery now closing on July 5, 2021. (Doc. 75). As such, the motion for summary judgment is premature. This conclusion is further buttressed by the fact that Plaintiff has twice sought to supplement briefing and evidence to support its response in opposition and Defendant has filed a notice of supplemental authority in support of the motion. *See* (Docs. 65, 76 & 77).

The Court notes that in its reply in support of its motion for summary judgment, Defendant suggests that this Court should "entertain a renewed motion for summary judgment to prevent an unnecessary trial." (Doc. 64 at 8). In this circuit, successive motions for summary judgment are disfavored. *See Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)[1] ("[W]e certainly do not approve in general the piecemeal

---

[1] *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1210 (11th Cir. 1981) (adopting pre-1981 5th Circuit precedent as binding on the 11th Circuit).

consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised . . . ."); *Fernandez v. Bankers Nat. Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (recognizing that successive motions for summary judgment may be appropriate when discovery has been extended or when the district court has found good reason to allow a second motion); *Mackenzie-Wharton v. United Airlines, Inc.*, No. 8:15-cv-114-17MAP, 2016 WL 5346948, at *8 (M.D. Fla. Sept. 23, 2016) (Kovachevich, J.) ("Successive motions for summary judgment promote piecemeal adjudication and erode judicial economy. As a result, this Court specifically prohibits multiple motions for summary judgment. That prohibition is unquestionably within this Court's inherent power." (citation omitted)). Accordingly, Defendant may present its arguments for summary judgment after the record is more fully developed and in accordance with the summary judgment procedures outlined in the Second Amended Case Management and Scheduling Order (Doc. 75).

Accordingly, it is **ORDERED:**

(1) Defendant's Motion for Summary Judgment is **DENIED without prejudice**. Defendant may renew its motion at a subsequent date in accordance with the procedures outlined in the Second Amended Case Management and Scheduling Order (Doc. 75) and applicable Local Rules.

(2)     Plaintiff's Motion for Leave to File Surreply (Doc. 65) and Motion for Leave to File Supplemental Evidence in Opposition to Defendant's Motion for Summary Judgment (Doc. 77) are **DENIED as moot**.

(3)     Plaintiff's Motion to Amend the Case Management and Scheduling Order is **DENIED without prejudice**. Any motions to change the trial schedule may be filed after the close of discovery.

(4)     Because of limited judicial resources and given that the nature of this proceeding suggests that additional mediation might be of benefit to the parties and the Court, this case is hereby referred to the Court-Annexed Mediation program for a mediation conference in an attempt to achieve an equitable settlement of the issues. **The parties shall conduct mediation by July 12, 2021**. Lead Counsel is directed to file a **Notice of Mediator Selection and Scheduling** which: (a) identifies the selected mediator and includes complete address, telephone, and facsimile (if available) information, and (b) sets forth the time, date, and place of the scheduling for the mediation conference **on or before April 14, 2021**.

**ORDERED** in Tampa, Florida, on March 22, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge