UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIBBETTS LUMBER CO., LLC,**

    **Plaintiff,**

v.                                                 Case No. 8:19-cv-1275-KKM-AAS

**AMERISURE MUTUAL INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

Tibbetts Lumber Co., LLC (Tibbetts) moves for an order compelling Amerisure Mutual Insurance Company (Amerisure) to produce documents in response to its request for production nos. 26, 27, and 28. (Doc. 79). Amerisure opposes Tibbetts' motion. (Doc. 80). Tibbetts replied in opposition to Amerisure's response. (Doc. 99). Amerisure sur-replied. (Doc. 107).

## I.    BACKGROUND

Tibbetts served Amerisure with its request for production of documents and Amerisure objected to request nos. 1, 2, 4, 5, 6, 8, 9, 13, and 14. Tibbetts moved to compel responses (Doc. 47) and Amerisure moved for a protective order (Doc. 50). After a hearing on the motions, the court granted Tibbetts' motion to compel in part and denied Amerisure's motion for protective order

1

(Doc. 58). Thereafter, Amerisure supplemented its document production but did not include the requested communications between workers' compensation claims adjusters, James White, Natalie Smith, and Michele Shiflet, and their supervisors, Dawn Legato, and Carolyn Richmond. And Amerisure produced no emails between Amerisure and attorney Kip O' Lassner.

Tibbetts served another request for production of documents on Amerisure requesting:

> 26. All communications between James White and any Amerisure supervisor, including but not limited to Dawn Legato, related to the Claimant or Jonathan Haight.
>
> 27. All communications between Natalie Smith and an Amerisure supervisor, including but not limited to Dawn Legato, related to the Claimant.
>
> 28. All communications with Kip O' Lassner related to Claimant and the Workers' Compensation Claim.

(Doc. 79, p. 4). Amerisure responded that "[a]ll are contained within the claims file, which was already produced." (*Id.*).

Tibbetts now moves for an order compelling Amerisure to produce the communications requested in Tibbetts' request for production nos. 26, 27, and 28. In response, Amerisure contends that it already produced all responsive documents. (Doc. 80). Tibbetts replied that it obtained documents from non-parties that demonstrate Amerisure possessed these communications but did

2

not produce them. (Doc. 99). In sur-reply, Amerisure maintains that it produced all responsive, non-privileged communications in its possession, custody, or control. (Doc. 107).

## II. ANALYSIS

Federal Rule of Civil Procedure 34(a) requires a party to produce discoverable documents in its "possession, custody, or control." As one district court in the Eleventh Circuit stated:

> The Court ... cannot compel a party to provide information or produce documents that it does not have in its possession, custody, or control. *See Multi–Tech Sys. v. Dialpad.com, Inc.*, No. Civ. 00-1540 ADMRLE, 2001 WL 34624004, at *5 n. 8 (D. Minn. Aug. 28, 2001) ("As we have previously expressed: '[A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable.... [W]e have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations.'").
>
> ...
>
> As noted above, the Court cannot compel Defendants to provide information or documents that do not exist. *See Intermedics, Inc. v. Cardiac Pacemakers, Inc.*, No. 4-95-716 (JRT/RLE), 1998 WL 35253496, at *6 (D. Minn. July 7, 1998) ("Notwithstanding the [discovering party's] skepticism concerning the fullness of the [responding party's] discovery response, short of scopolamine, the pillory, or a polygraph, we are at a loss as to what more we can do, when the convictions of the [discovering party] [are] no more convincing [than] the disavowals of the [responding party].").

*Thermoset Corp. v. Building Materials Corp. of Am.*, No. 4-60268-CIV, 2014

WL 6473232, at *4-5 (S.D. Fla. Nov. 18, 2014).

Amerisure maintains that it produced all responsive, non-privileged communications in its possession, custody, or control in response to Tibbetts' request for production nos. 26, 27, and 28. (Docs. 80, 107). Because the court "cannot compel a party to ... produce documents that it does not have in its possession, custody, or control," or "documents that do not exist," the motion is due to be denied.[1] *See Thermoset Corp.*, 2014 WL 6473232, at *4-5; *see also Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-CV-164-J-20MCR, 2019 WL 11648461, at *6 (M.D. Fla. Nov. 19, 2019) ("The Court cannot compel Plaintiff to produce that which does not exist."); *EMP Indus., Inc. v. KECO Inc.*, No. 8:17-CV-869-T02JSS, 2018 WL 7494607, at *2 (M.D. Fla. Nov. 28, 2018) (same); *Calhoun v. Volusia Cnty.*, No. 6:04-cv-106-Orl-31DAB, 2007 WL 1796259, at *1 (M.D. Fla. June 20, 2007) (same).

## III. CONCLUSION

Tibbetts' motion to compel (Doc. 79) is **DENIED**. Each party must bear their own attorney's fees and costs in relation to the motion.

---

[1] Of course, Tibbetts may further address the assertions made in the motion and reply though other avenues. Indeed, Tibbetts moved for sanctions against Amerisure for spoliation of evidence. (*See* Doc. 108).

**ORDERED** in Tampa, Florida on May 17, 2021.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge